**United States District Court**
**Southern District of New York**

---

**GERSON BENAVIDES,**

**Plaintiff,**

**- against -**

**C.O. GRIER, J. #17569 (SHIFT 4-12AM), ET AL.,**

**Defendants.**

---

**09 Civ. 8600 (JGK)**

**MEMORANDUM OPINION AND ORDER**

**JOHN G. KOELTL, District Judge:**

The plaintiff, Gerson Benavides, sued the New York City Department of Correction (the "DOC") and two of its personnel, Corrections Officer Grier and Captain Marshall (collectively, the "individual defendants"), under 42 U.S.C. § 1983 for deliberate indifference to the plaintiff's serious medical needs in violation of the Eighth or Fourteenth Amendment. After the plaintiff amended his complaint twice, the defendants moved to dismiss it pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted.

**I.**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff’s favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir.

2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id.

When faced with a pro se complaint, the Court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that it suggests." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (brackets and internal quotation marks omitted). "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (internal quotation marks omitted). Thus, although the Court is "obligated to draw the most favorable inferences" that the

complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled." Id.

## II.

The following allegations are assumed to be true for the purposes of this motion.

As of August 12, 2009,[1] the plaintiff was incarcerated at the Anna M. Kross Center ("AMKC") at Rikers Island. (Second Am. Compl. ("SAC") 3.) At approximately 5:30 a.m. that morning, while getting breakfast in the unit day room, another inmate "grabbed [him] and threw [him] to the floor." (Id.) The plaintiff injured his right knee and "laid on the floor in pain for fifteen minutes." (Id.) A corrections officer "did not assist for several minutes while [the plaintiff] laid in pain on the floor." (Id.) "[T]he captain was called to the area and was trying to say [the plaintiff] slipped maybe on some jelly." (Id.)

From these injuries, the plaintiff "has CDL ligaments from [his] right knee broke[n], and back pain." (Id.) The plaintiff states that it took approximately three months to get an MRI and five months to get surgery performed on his right knee. (Id.)

[1] In the SAC, the plaintiff states variously that the incidents giving rise to his claim occurred in August 2008 and August 2009. (SAC 2-3.) The Court will assume, as do the defendants (Defs.' Mem. 1 n.1), that the incidents occurred in August 2009.

**III.**

This Order will treat the individual defendants and the DOC in turn.

A.

To plead an Eighth or Fourteenth Amendment[2] violation arising out of inadequate medical care, a plaintiff must allege (a) an "actual[] deprivation of adequate medical care" that is "sufficiently serious" and (b) that the charged defendant "act[ed] or fail[ed] to act while actually aware of a substantial risk that serious inmate harm will result." Salahuddin v. Goord, 467 F.3d 263, 279-80 (2d Cir. 2006). It is well settled that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (internal quotation marks omitted).

As to the first prong of the deliberate indifference test, the plaintiff has failed to allege any serious deprivation of adequate medical care that can be attributed to the individual defendants. As a preliminary matter, it is not clear that such an injury is sufficiently serious to trigger constitutional

[2] The plaintiff has not stated whether he is a convicted prisoner, in which case his claims are analyzed under the Eighth Amendment, or a pretrial detainee in state custody, in which case his claims are analyzed under the Due Process Clause of the Fourteenth Amendment. See Caiozzo v. Koreman, 581 F.3d 63, 69 (2d Cir. 2009). In either case, the standards to be applied are identical. Id. at 72.

protection in the ordinary case. "[C]ourts in this circuit have almost uniformly found similar knee injuries to be insufficient to trigger Eighth Amendment protection and to support a deliberate indifference claim." Moody v. Pickles, No. 03 Civ. 850, 2006 WL 2645124, at *6 (N.D.N.Y. Sept. 13, 2006); see also Johnson v. Wright, 477 F. Supp. 2d 572, 575-76 (W.D.N.Y. 2007), aff'd, 324 Fed. Appx. 144 (2d Cir. 2009) (summary order) (collecting cases).

Moreover, the SAC does not allow for an inference that either individual defendant deprived him of adequate medical care. Assuming that the unnamed corrections officer and captain identified in the complaint are defendants Grier and Marshall, respectively, the most that the complaint can be read to allege is that it took Grier "several minutes" to respond to the plaintiff's knee injury. Although there may be some situations in which a delay of mere minutes can constitute a constitutionally significant deprivation of medical care, see Allen v. N.Y.C. Dep't of Corr., No. 06 Civ. 7205, 2010 WL 1644943, at *13-14 & n.12 (S.D.N.Y. Mar. 17, 2010), report and recommendation adopted, No. 06 Civ. 7205, 2010 WL 1631404 (S.D.N.Y. Apr. 19, 2010), in general "a wait this brief cannot constitute deliberate indifference" to a relatively minor injury, Ravenell v. Van der Steeg, No. 05 Civ. 4042, 2007 WL 765716, at *4 (S.D.N.Y. Mar. 14, 2007). A short delay may be

sufficient if the plaintiff can show "intentional efforts on the part of defendants to delay . . . access to medical care at a time [when the plaintiff] was in extreme pain," Archer v. Dutcher, 733 F.2d 14, 16 (2d Cir. 1984), but the complaint lacks any allegation of intent on either defendant's part to delay access to medical care.

As to the alleged delay in providing an MRI and knee surgery, again, courts have routinely denied claims based on similar or longer waits. See Johnson, 477 F. Supp. 2d at 575-76 (collecting cases). Furthermore, the complaint does not allege that either individual defendant was personally involved in any way with the timing of his medical treatment subsequent to the day room incident. See Farid, 593 F.3d at 249.

With respect to the second prong of the deliberate indifference test, the plaintiff does not allege that either individual defendant was "actually aware of a substantial risk that serious inmate harm will result." Salahuddin, 467 F.3d at 280. Instead, he conclusorily states that the defendants were deliberately indifferent. Bare legal conclusions such as this do not suffice in the absence of adequate factual legal allegations. See Iqbal, 129 S. Ct. at 1949-50.

Accordingly, the complaint must be dismissed as to the individual defendants.

B.

Along with the individual defendants, the plaintiff named the DOC as a defendant. "As an agency of the City, the Department of Corrections is a non-suable entity." Brickhouse v. City of N.Y., No. 09 Civ. 9353, 2010 WL 3341845, at *2 (Aug. 16, 2010); accord Renelique v. Doe, No. 99 Civ. 10425, 2003 WL 23023771, at *6 (S.D.N.Y. Dec. 29, 2003) (collecting cases). For that reason alone, the claim against the DOC must be dismissed.

Had the plaintiff named the City of New York as a defendant, dismissal would still be required. The only plausible ground for liability against the city would be municipal liability under Monell v. Department of Social Services, 436 U.S. 658 (1978). But Monell "does not provide a separate cause of action for the failure by the government to train its employees; it extends liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation." Segal v. City of N.Y., 459 F.3d 207, 219 (2d Cir. 2006). Because the plaintiff has not alleged an underlying constitutional violation, there can be no liability under Monell. Id. In any event, the plaintiff has not alleged any facts connecting his injury to any training, policy, or custom on the part of the City of New York.

## CONCLUSION

The defendants' motion to dismiss the Second Amended Complaint is **granted.** Because the Court twice gave the plaintiff the opportunity to amend his complaint, directing him to state with specificity how each defendant was involved in the alleged constitutional deprivations, the Second Amended Complaint is **dismissed with prejudice.** The Clerk is directed to close Docket No. 27 and to enter judgment dismissing the Second Amended Complaint and closing the case.

**SO ORDERED.**

**Dated: New York, New York**
**January , 2011**

______________________________
**John G. Koeltl**
**United States District Judge**

## CONCLUSION

The defendants' motion to dismiss the Second Amended Complaint is **granted.** Because the Court twice gave the plaintiff the opportunity to amend his complaint, directing him to state with specificity how each defendant was involved in the alleged constitutional deprivations, the Second Amended Complaint is **dismissed with prejudice.** The Clerk is directed to close Docket No. 27 and to enter judgment dismissing the Second Amended Complaint and closing the case.

**SO ORDERED.**

**Dated:** **New York, New York**
**January 6 , 2011**

John G. Koeltl
**United States District Judge**